**UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

GLENN RILEY,              )
                                )
        Plaintiff,          )
                                )
v.                         )       Case No.:
                                )
G4S SECURE SOLUTIONS USA, INC.,  )
                                )
        Defendant.      )
_____/

**PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL**

COMES NOW Plaintiff GLENN RILEY (hereinafter "Plaintiff" or 'Riley"), and files his complaint against Defendant G4S SECURE SOLUTIONS USA, INC. (hereinafter "Defendant" or "G4S") and in support states the following:

**NATURE OF THE CLAIMS**

1.    This is an action for monetary damages, pursuant to Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. §§ 2000e, *et seq*. (hereinafter "Title VII") and the Florida Civil Rights Act of 1992, Fla. Stat. §§760.10, *et seq*. (hereinafter "FCRA") to redress Defendant's unlawful employment practices against Plaintiff, including Defendant's unlawful discrimination and retaliation against Plaintiff because of his religion leading to his constructive termination.

**JURISDICTION AND VENUE**

2.    This Court has jurisdiction of the claims herein pursuant to 28 U.S.C. §§ 1331 and 1343, as this action involves federal questions regarding deprivation of Plaintiff's civil rights under Title VII.

3.    This Court has supplemental jurisdiction over Plaintiff's related claims arising under state law and the FCRA pursuant to 28 U.S.C. § 1367(a).

1

4.     Venue is proper in this district pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to this action, including the unlawful employment practices alleged herein occurred in this district.

## THE PARTIES

5.     Plaintiff, Riley, is a citizen of the United States and was at all times material, a citizen of the State of Florida residing in Pinellas County, Florida.

6.     Defendant, G4S, is a Florida For Profit Corporation with its principal place of business in Jupiter, Florida.

7.     Plaintiff worked for Defendant at the Pinellas County Jail, located at 14400 49th North Street, Clearwater, Florida 33762.

8.     Defendant is a covered employer under Title VII and the FCRA.

## PROCEDURAL REQUIREMENTS

9.     Plaintiff has complied with all statutory prerequisites to filing this action.

10.     On or about October 25, 2018, Plaintiff dual-filed a claim with the Florida Commission on Human Relations ("FCHR") and the Equal Employment Opportunity Commission (EEOC"), satisfying the requirements of 42 U.S.C. § 2000e5(b) and (e), based on religion and retaliation.

11.     Plaintiff's EEOC charge was filed within three hundred days after the unlawful employment practices occurred.

12.     On April 4, 2019, the EEOC issued a Notice of Rights.

13.     This complaint was filed within ninety days of the EEOC's issuance of a Notice of Rights.

## **FACTUAL ALLEGATIONS**

14.     Plaintiff identifies his religion as Hebrew. A pillar of Plaintiff's sincerely held religious beliefs and practices includes observing the Sabbath.  The Sabbath occurs weekly on Friday and Saturday and according to Plaintiff's sincerely held religious beliefs and practices, the Sabbath is a time of rest, worship, and prayer.

15.     Defendant was aware of Plaintiff's sincerely held religious beliefs because for some time, Defendant accommodated Plaintiff's sincerely held religious beliefs and practices without enduring any undue hardship. Defendant did so by scheduling Plaintiff to work Monday, Tuesday, Wednesday, and Sunday, with Thursday, Friday and Saturday off.    Defendant was further aware of Plaintiff's sincerely held religious beliefs and practices because Plaintiff did not attend Defendant's holiday celebrations including its Christmas parties.

16.     However, when Tamara Rider, who upon information and belief is non-Hebrew, became Plaintiff's supervisor, Defendant abruptly stopped accommodating Plaintiff's sincerely held religious beliefs and practices.

17.     Ms. Rider informed Plaintiff via text message that Defendant would no longer accommodate his sincerely held religious beliefs and practices. Instead, Ms. Rider informed Plaintiff his previously scheduled days off (Friday, and Saturday) would be given to Kim Klein, Assistant Supervisor who upon information and belief is Christian.

18.     Defendant's abilty to provide Ms. Klein Friday, and Saturday demonstrates that providing the same to Plaintiff would not cause any undue hardship. However, due to its discriminatory animus towards Plaintiff's religion Defendant stripped Plaintiff of the ability to have Friday and Saturday off.

19.     Plaintiff immediately raised his concerns regarding the religious discrimination to Keith Johnson, Site Supervisor, who upon information and belief is Christian. Despite Mr. Johnson's reassurances the situation would be remedied, Plaintiff continued to face discrimination due to his religion.

20.     Defendant then presented Plaintiff with the option to remain in his current position of Assistant Supervisor which *did not* accommodate his sincerely held religious beliefs and practices or he could take a demotion and pay cut to the position of Hospital Transport Officer wherein the Hospital Transport Officer position would permit Plaintiff to have Friday and Saturday off.

21.     Relying on Defendant's assurances that if Plaintiff accepted the demotion to Hospital Transport Officer Defendant would accommodate his sincerely held religious beliefs and practices, Plaintiff chose the demotion as he saw it as the only viable solution.

22.     However, due to its discriminatory animus towards Plaintiff's religion when Plaintiff arrived for his first shift as a Hospital Transport Officer he was informed he would not have Fridays and Saturdays off, but rather Saturdays, Sundays, and Mondays - in contrast to what Ms. Rider previously relayed to Plaintiff about the Hospital Transport Officer position.

23.     Shocked, Plaintiff reached out to Mr. Johnson to report the religious discrimination. Once again Mr. Johnson assured Plaintiff he would take remedial action – which he did not. Plaintiff also escalated his concerns regarding the religious discrimination to Drew Brown, Personnel Manager and Alex Silva, Area Supervisor.

24.     When discussing the Hospital Transport Office schedule with Ms. Rider, in an effort to retaliate against Plaintiff for reporting his concerns to Mr. Johnson and due to Plaintiff's

sincerely held religious beliefs and practices, she now informed Plaintiff the only schedule available to Plaintiff included Saturday, Sunday, and Monday off – not Friday.

25.     As further retaliation for raising his concerns, Defendant accused Plaintiff of "jumping the chain of command," by reaching out to Mr. Johnson, which he did not.  Ms. Rider also commented to Plaintiff that she personally held the power to grant or deny Plaintiff's requests as they relate to his religious accommodations. Ms. Rider further made discriminatory comments such as "seniority trumps religious accommodation."

26.     In an effort to preserve his job while accommodating his sincerely held religious beliefs and practices, Plaintiff requested to move to a part-time Transport position working three (3), twelve (12) hour days so as to not have to work on Friday and Saturday in observance of the Sabbath.

27.     While Defendant accommodated Plaintiff's part-time schedule for a brief period, it soon notified Plaintiff that part-time employees had to commit to full-time schedules. Plaintiff was then forced to work a full-time schedule, including working on the Sabbath for the next four (4) to five (5) weeks due to Defendant's demand. Plaintiff then transitioned back to the Assistant Supervisor position for approximately one month.

28.     Soon after, Eddie Wilcox, who upon information and belief is non-Hebrew, was promoted to the Project Manager position. Mr. Wilcox informed Plaintiff he needed to sign a "conditional offer letter" for the Assistant Supervisor position. To further discriminate against Plaintiff's sincerely held religious beliefs and practices, Mr. Wilcox told Plaintiff he was not guaranteed any specific days off.

29.     In the interim, Plaintiff again escalated his concerns regarding the religious discrimination to Mr. Brown.  Defendant notified Plaintiff it "was fine" for Plaintiff to add an

addendum to the conditional offer letter stating his request for reasonable religious accommodations.

30.     Plaintiff did so and returned the conditional offer letter, including his request for reasonable religious accommodations to Mr. Wilcox. Due to Plaintiff's religious beliefs, Mr. Wilcox refused to accept Plaintiff's signed conditional offer letter reflecting his request for reasonable religious accommodation. Mr. Wilcox instructed Plaintiff to return a signed conditional offer letter without any addendums for Plaintiff's reasonable religious accommodations.

31.     Plaintiff complied. However, due to Plaintiff's sincerely held religious beliefs and practices and in retaliation for requesting reasonable religious accommodations Mr. Wilcox stated Plaintiff waited "too long" to return the conditional offer letter and as a result Plaintiff would again be demoted to a Transport position. Plaintiff's demotion back to the Transport position did not accommodate Plaintiff's sincerely held religious beliefs and practices and Plaintiff was forced to work Fridays.

32.     Ultimately, Defendant's discriminatory actions, failure to remedy the severe and pervasive religious discrimination, and retaliation due to Plaintiff's sincerely held religious beliefs and practices left Plaintiff with no option other than to resign his position.

33.     Plaintiff has been harmed by Defendant's illegal conduct.

### Count I: Religious Based Discrimination in Violation of Title VII

34.     Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-33 above.

35.     At all times relevant to this action, Plaintiff was in a protected category under Title VII because of his religion, Hebrew.

36.     Defendant is prohibited under Title VII from discriminating against Plaintiff because of his religion with regard to discharge, employee compensation, and other terms, conditions, and privileges of employment.

37.     Defendant violated Title VII by constructively discharging and discriminating against Plaintiff based on his religion.

38.     Defendant intentionally discriminated against Plaintiff on the basis of his religion.

39.     As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of Title VII, Plaintiff has suffered and continues to suffer, lost wages, lost benefits, as well as severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which he is entitled to an award of monetary damages and other relief.

40.     Defendant's unlawful conduct in violation of Title VII was outrageous and malicious, was intended to injure Plaintiff, and was done with conscious disregard of Plaintiff's civil rights, entitling him to an award of exemplary and/or punitive damages.

## Count II: Retaliation in Violation of Title VII

41.     Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-33 above.

42.     Plaintiff engaged in protected activity under Title VII on more than one occasion while employed by Defendant.

43.     Defendant engaged in intentional retaliation against Plaintiff for his participation in protected activity.

44.     Defendant's conduct violated Title VII.

45.     Defendant's discriminatory conduct, in violation of Title VII, has caused Plaintiff to suffer a loss of pay, benefits, and prestige for which he is entitled to damages.

46.     Defendant's actions have caused Plaintiff to suffer mental and emotional distress, entitling him to compensatory damages.

47.     Defendant has engaged in discriminatory practices with malice and reckless indifference to Plaintiff's federally protected rights, thereby entitling him to punitive damages.


### **Count III: Religious Based Discrimination in Violation of the FCRA**

48.     Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-33 above.

49.     At all times relevant to this action, Plaintiff was in a protected category under the FCRA because of his religion, Hebrew.

50.     Defendant is prohibited under the FCRA from discriminating against Plaintiff because of his religion with regard to discharge, employee compensation, and other terms, conditions, and privileges of employment.

51.     Defendant violated the FCRA by constructively discharging and discriminating against Plaintiff based on his religion.

52.     Defendant intentionally discriminated against Plaintiff on the basis of his religion.

53.     As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of the FCRA, Plaintiff has suffered and continues to suffer, lost wages, lost benefits, as well as severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-

confidence, and emotional pain and suffering, for which he is entitled to an award of monetary damages and other relief.

54.     Defendant's unlawful conduct in violation of the FCRA was outrageous and malicious, was intended to injure Plaintiff, and was done with conscious disregard of Plaintiff's civil rights, entitling him to an award of exemplary and/or punitive damages.

## Count IV: Retaliation in Violation of the FCRA

55.     Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-33 above.

56.     Plaintiff engaged in protected activity under the FCRA on more than one occasion while when he raised his concerns to Defendant.

57.     Defendant engaged in intentional retaliation against Plaintiff for his participation in protected activity.

58.     Defendant's conduct violated the FCRA.

59.     Defendant's discriminatory conduct, in violation of the FCRA, has caused Plaintiff to suffer a loss of pay, benefits, and prestige for which he is entitled to damages.

60.     Defendant's actions have caused Plaintiff to suffer mental and emotional distress, entitling him to compensatory damages.

61.     Defendant has engaged in discriminatory practices with malice and reckless indifference to Plaintiff's federally protected rights, thereby entitling him to punitive damages.

## Count V: Constructive Discharge

62.     Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-33 above.

63.     Defendant deliberately created intolerable working conditions as it failed to provide a work environment free from discrimination, harassment, and hostility.

64.     Defendant's actions were done with the intent to drive Plaintiff to resign as Defendant was repeatedly on notice of Plaintiff's complaints and failed to take remedial action.

65.     Defendant's deliberate actions forced Plaintiff to resign his position.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, requests this Honorable Court:

a) Enter judgment requiring Defendant to pay back wages and back benefits found to be due and owing at the time of trial, front-pay, compensatory damages, including emotional distress damages, in an amount to be proved at trial, punitive damages, and prejudgment interest thereon;

b) Grant Plaintiff her costs and an award of reasonable attorneys' fees (including expert fees); and

c) Award any other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all triable issues herein.

Respectfully Submitted:

/s/ Abby D. Salzer
Abby D. Salzer
Florida Bar No.: 591475
Spielberger Law Group
4890 W. Kennedy Blvd., Suite 950
Tampa, Florida 33609
T: (800) 965-1570 ext. 104
F: (866) 580-7499
Abby.Salzer@spielbergerlawgroup.com

Counsel for Plaintiff